UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-0184 JVS (RNBx) | Date | April 29, 2015 |
|---|---|---|---|
| Title | Sawyer v. Retail Data, LLC, et al. | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| | Karla J. Tunis | Not Present |
| | Deputy Clerk | Court Reporter |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)**
              **Order Denying Plaitniff's Motion to Remand**

Plaintiff Vanessa Sawyer ("Sawyer") moves the Court to remand the above-titled action to the Superior Court for the State of California, County of Orange, pursuant to 28 U.S.C. § 1447(c).  (Docket No. 13.)  Defendant Retail Data, LLC ("Retail Data") opposes.  (Docket No. 15.)  Sawyer has replied.  (Docket No. 17.)

As set forth below, the Court DENIES Sawyer's motion.

I.      BACKGROUND

        A.      Request for Judicial Notice

Retail Data brings a request for judicial notice.  (Docket No. 16.)  Specifically, Retail Data requests judicial notice of (1) a declaration by Sawyer's counsel filed on June 9, 2014 in Hicks v. Toys 'R' Us-Delaware, Inc., et al., CV 13-1302-DSF (JCGx) (C.D. Cal.); and (2) a declaration by Sawyer's counsel filed on February 12, 2015 in Gutierrez v. Carlson Restaurants Worldwide, Inc., Case No. SACV 13-01992 DOC (RNBx) (C.D. Cal.).  (Id.)

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b).  Here, Sawyer's counsel's filings are a matter of public record.  Accordingly, the Court takes judicial notice of the documents in the Request for Judicial Notice ("RJN") pursuant to Fed. R. Evid. 201.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-0184 JVS (RNBx)    Date  April 29, 2015

Title  Sawyer v. Retail Data, LLC, et al.

### B. Procedural History

On December 9, 2014, Sawyer filed an action in California Superior Court, asserting claims against Retail Data for (1) sex and pregnancy discrimination; (2) disability discrimination; (3) failure to engage in the interactive process; (4) failure to provide reasonable accommodation; (5) retaliation in violation of Cal. Gov't Code § 12940; (6) failure to prevent discrimination or retaliation; (7) violation of pregnancy disability leave pursuant to Cal. Gov't Code § 12945; and (8) wrongful termination. (See Docket No. 1-3.) Sawyer's complaint does not allege a specific amount of damages, but seeks, inter alia, compensatory damages, punitive damages, attorneys' fees, and costs. (See id. at 21.)

Retail Data removed the action to this Court on February 4, 2015, invoking the Court's diversity jurisdiction. (Docket No. 1.)

Sawyer now challenges the Court's jurisdiction by arguing that the amount in controversy does not exceed $75,000. (Mot. Remand 5-10.)

### II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332, federal jurisdiction is proper so long as there is complete diversity between the parties and an amount in controversy in excess of $75,000. See, e.g., Orkin v. Taylor, 487 F.3d 734, 738 (9th Cir. 2007). To satisfy the amount in controversy requirement under § 1332, the plaintiff's alleged damages must exceed $75,000. 28 U.S.C. § 1332(a). To measure the amount in controversy, a court must not only assume that allegations of the complaint are true, but must also assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

"A defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" Dart Cherokee Basin Operating Co., LLC v. Owens, __ U.S. __, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)). A defendant's allegation that the amount in controversy exceeds the jurisdictional minimum should be accepted if not contested by the plaintiff or the court. Id. However, if a plaintiff contests the defendant's allegation,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-0184 JVS (RNBx) | Date | April 29, 2015 |
| Title | Sawyer v. Retail Data, LLC, et al. | | |

"both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 554.

III.   DISCUSSION

In response to Sawyer's challenge, Retail Data offers evidence that the amount in controversy requirement is satisfied. First, Retail Data estimates that Sawyer's total wage loss claim is $17,101.98, based on evidence of her past earnings. (Opp'n Mot. Remand 3-4.)

In addition, Retail Data presents evidence that Sawyer's emotional distress and punitive damages claims push the amount in controversy over the jurisdictional minimum. (Opp'n Mot. Remand 4-5.) "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." Cain v. Hartford Life & Accident Ins. Co., 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Similarly, "[i]n order to establish probable punitive damages, a party asserting federal diversity jurisdiction may introduce evidence of jury verdicts in cases involving analogous facts." Surber v. Reliance Nat. Indem. Co., 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000). Retail Data cites recent Orange County and Los Angeles County employment discrimination cases in which juries have awarded plaintiffs more than $75,000 in emotional distress damages alone.[1] Similarly, Retail Data cites to similar recent Orange County and Los Angeles County employment discrimination cases where plaintiffs were awarded from $50,000 to $7.5 million in punitive damages.[2]

Finally, Retail Data notes that the Court should consider Sawyer's claim for

---

[1] For example, in 2014, a Los Angeles jury awarded $125,000 in emotional distress damages caused by employment discrimination based on plaintiff's medical condition. (Lockwood Decl., ¶ 2(d), Ex. A.) Similarly, in 2012, an Orange County jury awarded $275,000 in emotional distress damages in a sexual harassment, discrimination, and constructive discharge case. (Id. ¶ 2(c).)

[2] For example, in 2011, an Orange County jury awarded a plaintiff $50,000 in punitive damages for his wrongful termination based on age discrimination claim against his employer. (Lockwood Decl., ¶ 2(b).) In 2014, a Los Angeles jury awarded a plaintiff $500,000 in punitive damages in a employment discrimination case based on the plaintiff's medical condition. (Id. ¶ 2(d).) In 2013, a Los Angles jury awarded a plaintiff $7,570,261 in punitive damages in an employment discrimination case based on the plaintiff's mental disability. (Id. ¶ 2(e).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-0184 JVS (RNBx) | Date | April 29, 2015 |
| Title | Sawyer v. Retail Data, LLC, et al. | | |

attorneys' fees in determining the amount in controversy.  (Opp'n Mot. Remand 5-7.)  "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998).  Both parties recognize that there is a split of authority as to whether post-removal legal costs may be considered in determining the amount in controversy.  See Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002) (summarizing split of authority and concluding that post-removal fees contribute to amount in controversy when fees are authorized by law).  However, several recent cases within this district have concluded, like the court in Brady, that post-removal attorneys' fees authorized by law are part of the amount in controversy.  See, e.g., Sasso v. Noble Utah Long Beach, LLC, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) (noting that "when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake,'" quoting Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 662 (9th Cir. 2005)); see also Garcia v. ACE Cash Express, Inc., No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014).

The Court agrees.  Here, Sawyer's claim for fees is authorized by Cal. Gov't Code § 12965(b), and thus her post-removal attorneys' fees are part of the "amount at stake" in the action.  See Theis, 400 F.3d at 662.  Retail Data provides evidence that Sawyer's counsel charges $600 per hour for partners and a $400 per hour rate for associates.  (RJN, Exs. A & B.)  Retail Data estimates that Sawyer's counsel would expend 300 hours should the matter proceed to trial and would bill $84,000 if the work was apportioned 70% to associates and 30% to partners.  (Mot. Remand 7.)  Retail Data's estimate is reasonable, given that "maintaining a . . . discrimination claim will undoubtedly require substantial effort from counsel."  See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1035 (N.D. Cal.)  The Court also finds that even if attorneys' fees here would not alone satisfy the amount in controversy requirement, "when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied."  Id.

Based on the foregoing, the Court concludes that Retail Data has shown by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.  Although Sawyer maintains that Retail Data has not show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-0184 JVS (RNBx)                Date    April 29, 2015

Title    Sawyer v. Retail Data, LLC, et al.

Sawyer provides no proof otherwise.  (See generally Reply.)  She is also unwilling to stipulate that her case does not put more than $75,000 at issue.  (Opp'n Mot. Remand 1-2; Reply 3-4.)  While not determinative, Sawyer's refusal to stipulate certainly weighs in favor of a determination that the amount in controversy exceeds $75,000.

The Court therefore concludes that the amount in controversy exceeds the jurisdictional minimum in this case.  Sawyer does not dispute that there is complete diversity of citizenship between the parties.  (See Opp'n 1.)  Therefore, the Court finds that its exercise of diversity jurisdiction is proper, and remand is unwarranted.

IV.    CONCLUSION

For the foregoing reasons, Sawyer's motion is DENIED.  The Court further finds that oral argument would not be helpful on this matter, and vacates the May 4, 2015 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

IT IS SO ORDERED.

:    00

Initials of Preparer    kjt